Dear Mr. Griffith:
You have asked this office to advise whether the law prohibits one from holding full-time employment with the Jefferson Parish Juvenile Court while holding part-time employment with the Jefferson Parish Human Services Authority.
An employee of the juvenile court holds employment within the judicial branch of state government. See R.S. 42:62(3).[1] An employee of the authority holds employment within a special parish district. See R.S.28:831.[2]
For purposes of the Dual Officeholding and Dual Employment Laws, R.S.42:61, et seq., and as applied here, of concern would be R.S. 42:63(E)[3]
which prohibits the simultaneous holding of two full-time employments. Since one position is held on a part-time basis, the prohibition is inapplicable.[4] We conclude the law does not prohibit the concurrent holding of these employments.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 7, 2003
 Kerry L. Kilpatrick Assistant Attorney General
[1] R.S. 42:62(3) provides, in part:
(3) The judicial branch of state government includes all judges, employees, and agents of the Supreme Court, the Judicial Administrator, Courts of Appeal, District Courts
[2] R.S. 28:831 provides:
§ 831. Jefferson Parish Human Services Authority; creation; jurisdiction; powers, duties, and functions
A. The Jefferson Parish Human Services Authority, hereinafter referred to as the "authority" is hereby created as a special parish district, which through its board shall direct the operation and management of mental health, mental retardation, and substance abuse services for Jefferson Parish only. The authority shall:
(1) Perform the functions which provide services and continuity of care for the prevention, detection, treatment, rehabilitation, and follow-up care of mental and emotional illness.
(2) Be responsible for the programs and functions relating to the care, diagnosis, training, treatment, case management, and education of the mentally retarded, the developmentally disabled, and the autistic.
(3) Perform the functions relating to the care, diagnosis, training, treatment, and education of alcohol or drug abusers and the prevention of alcohol and drug abuse.
(4) Maintain services in Paragraphs (1) through (3) on at least the same level as the state maintains similar programs in other parishes or regions of the state. The governing authority of Jefferson Parish shall continue to provide funds and in-kind contributions for such programs on at least the level of funding and in-kind contributions in effect during the 1990 fiscal year.
B. The jurisdiction of the authority shall be limited to Jefferson Parish. The domicile of the authority shall be Gretna, Louisiana.
C. (1) The authority shall be governed by a twelve-member board consisting of residents of Jefferson Parish as follows:
(a) Three members appointed by the governor, one each with experience in the fields of mental health, mental retardation, and substance abuse.
(b) Nine members appointed by the Jefferson Parish Council to consist of the following:
(i) Three members, one each with experience in the fields of mental health, mental retardation, and substance abuse.
(ii) Three members representing parents, consumers, or advocacy groups, one each in the fields of mental health, mental retardation, and substance abuse.
(iii) Three members representing professionals in the fields of mental health, mental retardation, and substance abuse.
No member of the board shall own or have any interest or part in any public or private organization, business, company, or entity conducting business of any kind with the authority.
(2) Each member shall serve for a three-year term.
D. The Jefferson Parish attorney shall be the legal advisor for the authority.
E. The primary duty of the authority shall be to direct the operation and management of mental health, mental retardation, and substance abuse services for Jefferson Parish.
F. In addition to its primary duties as provided above, the authority shall have the following powers, duties, and functions:
(1) To have possession and operating control, but not title to, all real and personal property owned by the state and dedicated to the provision of mental health, mental retardation, and substance abuse services in Jefferson Parish.
(2) To be contracted with and make contracts of every nature in compliance with the provisions of this Chapter and other state laws.
(3) To acquire personal property by lease, purchase, donation, or otherwise and to obtain title to same in its own name. The authority may lawfully sell or dispose of said personal property.
(4) To establish mental health, mental retardation, and substance abuse program policies in conformance with applicable state and federal laws and regulations.
(5) To maintain services in mental health, mental retardation, and substance abuse at at least the same level as the state maintains similar programs in other parishes or regions of the state.
G. The board shall collect or cause to be collected all monies due the authority for the provision of services pursuant to statutory requirements, and any other form of contract or agreement by which the authority provides services and levies charges therefor.
H. The Jefferson Parish Council shall have the authority to levy taxes and issue bonds or other obligations for the purposes provided in this Chapter.
I. The authority shall constitute a body corporate in law, with all of the powers of a corporation, including the power to sue and be sued. The authority shall also have all the powers and rights conferred by this Chapter; all powers of a special district as provided by the home rule charter of Jefferson Parish; and the power to perform any other act in its corporate capacity and in its corporate name which is necessary and proper for effectuating the purposes for which the authority was created.
J. Employees of the authority shall participate in and be covered by state services, systems, and programs for which provision is made in comprehensive liability, automobile, worker's compensation, and fire and extended coverage insurance, and medical malpractice liability laws (R.S. 39:1527 et seq. and R.S. 40:1299.39 et seq.). The authority, including its contract service delivery employees, may participate in and be covered by the state program for medical malpractice notwithstanding the prohibitions in R.S. 40:1299.39(A)(1)(b) and (M) to the contrary, provided that the authority or covered contract service delivery employee has paid the appropriate premium to the office of risk management.
K. Repealed by Acts 1995, No. 723, § 4, eff. June 21, 1995.
[3] R.S. 42:63(E) provides:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[4] R.S. 42:62(3), (4), (5) provide:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.